IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TRENICE M. REED AND KENNETH REED,** | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-03713 |
| **EK REAL ESTATE SERVICES OF NY LLC, ET AL.,** | § § § § | |
| *Defendants*. | § § | |

### DEFENDANTS' JOINT MOTION FOR ASSESSEMENT OF RULE 11 FEES AND COSTS AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

As detailed in Defendants' contemporaneously-filed Verified Motion to Abate and Brief in Support ("Motion to Abate") [Doc. #22], Plaintiffs failed to give pre-suit notice as required by the Texas DTPA and Finance Code. Because this tactic is intentional and violates Rule 11, the Court should assess fees and costs against Plaintiffs' counsel.

Plaintiffs' attorneys have now filed 19 suits against the Defendants across Texas. [*See* Doc. # 21 Pls.' Notice of Related Cases].[1] Not one time have they given pre-suit notice as required. *See* Ex. 1, Davis Decl. The inescapable conclusion is that this tactic is intentional and being employed to harass, cause delay, and/or increase the Defendants' litigation costs. Furthermore, contentions in the Complaint—including that notice is not required—are not warranted by existing law or a non-frivolous argument for extending or modifying existing law. Nor do these contentions have any evidentiary support. Whatever the case, this tactic is a violation of Rule 11. Plaintiffs' counsel have refused to cure the violation. *See* Ex. 1, Davis Decl.

---

[1] Four additional cases have been filed by Plaintiffs' counsel since the date Plaintiffs filed this Notice.

**DEFENDANTS' JOINT MOTION FOR ASSESSEMENT
OF RULE 11 FEES AND COSTS AND BRIEF IN SUPPORT**     **PAGE 1**
4890-5032-8845.2

As the Supreme Court of Texas has recognized:

> The initiation of litigation without notice may have effects other than denying the parties a pre-suit opportunity to negotiate. It may polarize the parties and prejudice their discussions. It may also result in expense to the defendant in filing an answer, requesting abatement, and otherwise responding to the litigation. ***If such effects actually occur, the trial court is empowered to remedy them by appropriate sanctions under Rule 13***.

*Hines v. Hash*, 843 S.W.2d 464, 467 (Tex. 1992) (emphasis added).

Here, Plaintiffs' failure to give pre-suit notice has forced Defendants to file numerous motions in this and other similar cases. It has likewise caused Defendants to incur expenses related to otherwise responding to the litigation. Accordingly, the Court should assess against Plaintiffs' counsel Defendants' attorneys' fees and costs incurred as a result of their failure to comply with the pre-suit notice requirements—including expenses incurred in connection with the Motion to Abate and this motion, as well as other expenses incurred to-date as a result of responding to the litigation. This proposed sanction is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4); *Id.*

Dated: February 9, 2022    Respectfully Submitted,

      **GRAY REED**

      */s/ Chris Davis*
      Chris Davis (Attorney-in-Charge)
      Texas Bar No. 24050483
      S.D. Texas Bar No. 3030528
      Angela L. Brown
      Texas Bar No. 24034533
      S.D. Texas Bar No. 2851064
      William N. Drabble
      Texas Bar No. 24074154
      SD Texas Bar No. 3401168
      London England
      Texas Bar No. 24110313
      S.D. Texas Bar No. 24110313
      1601 Elm Street, Suite 4600
      Dallas, Texas 75201
      Telephone:  (469) 320-4135
      Facsimile:   (214) 953-1332
      cdavis@grayreed.com
      abrown@grayreed.com
      wdrabble@grayreed.com
      lengland@grayreed.com

      Jonathan M. Hyman
      Texas Bar No. 24032455
      S.D. Texas Bar No. 30619
      Kelley Clark Morris
      Texas Bar No. 24087306
      S.D. Texas Bar No. 2515655
      1300 Post Oak Blvd., Suite 2000
      Houston, TX 77056
      Telephone: (713) 986-7000
      Facsimile:  (713) 986-7100
      jhyman@grayreed.com
      kmorris@grayred.com

      **Attorneys for Defendants EK Real Estate Services of NY, LLC and EasyKnock, Inc.**

**DEFENDANTS' JOINT MOTION FOR ASSESSEMENT
OF RULE 11 FEES AND COSTS AND BRIEF IN SUPPORT**   **PAGE 3**
4890-5032-8845.2

        **BUCK KEENAN LLP**

        */s/ Andrew C. Wright*
        Andrew C. Wright (Attorney-in-Charge)
        Texas Bar No. 24063077
        Helen Hemingway McLaughlin
        Texas Bar No. 24087706
        2229 San Felipe, Suite 1000
        Houston, Texas 77019
        (713) 225-4500
        (713) 225-3179
        Email:   Wright@buckkeenan.com
                     Hmclaughlin@buckkeenan.com

        **ATTORNEYS FOR DEFENDANT LENDINGONE, LLC**

## CERTIFICATE OF CONFERENCE

Between February 7th and 9th 2022, Defendants' counsel communicated extensively with Plaintiffs' counsel regarding the Motion to Abate and this motion. The parties were unable to reach agreement.

        */s/ Chris Davis*
        Chris Davis

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of February 2022, he caused a true and correct copy of the foregoing document to be filed via the Court's CM/ECF system, which will send a copy of the same to all counsel of record.

        */s/ Chris Davis*
        Chris Davis

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRENICE M. REED AND KENNETH REED, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-03713 |
| EK REAL ESTATE SERVICES OF NY LLC, ET AL., | § § § § | |
| *Defendants*. | § § | |

### DECLARATION OF CHRIS DAVIS

Under 28 U.S.C. § 1746, Chris Davis declares the following:

1. My name is Chris Davis. I am over twenty-one years of age, of sound mind, and have never been convicted of a felony or any crime involving moral turpitude. I am counsel for Defendants EasyKnock, Inc. and EK Real Estate Services of NY, LLC (collectively "EasyKnock"). Based on my position and experience in this case and related cases, I am fully qualified and capable of making this Declaration.

2. To date, EasyKnock and other co-defendants, including LendingOne, LLC, have been sued in 19 cases across Texas. EasyKnock and its co-defendants have not received pre-suit notice of any of these cases.

3. I have conferred with Plaintiffs' counsel regarding this deficiency and asked that they agree to cure it by: 1. Providing notice as required by law; and 2. Abating the cases for the specified statutory period. Plaintiffs' counsel have not agreed to do so.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct

Dated: February 9, 2022.

                                                   */s/ Chris Davis*
                                                   Chris Davis, Declarant