Case 4:21-cv-03713   Document 43   Filed on 03/23/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 23, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRENICE M. REED and KENNETH REED, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTIO NO. H-21-cv-3713 |
| REAL ESTATE SERVICES OF NY LLC, *et al.*, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

Trenice M. Reed and Kenneth Reed have sued EK Real Estate Services of NY, LLC, EasyKnock, Inc., and LendingOne, LLC, (together, "EasyKnock") for violating the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code Ann. §§ 17.41–.63, and the Texas Finance Code, § 305.001, *et seq*. (Docket Entry No. 1). The Reeds sold EasyKnock their home, which EasyKnock then leased back to them. This transaction is known as a "Sale-Leaseback," but the Reeds allege they believed that they were borrowing money from EasyKnock, not selling their home. (*Id.* at ¶¶ 12–13, 61).

EasyKnock has moved to abate and offered new authority in support of its motion. (Docket Entry No. 22, 33, 37). The Reeds have responded. (Docket Entry Nos. 30, 41). The Reeds have also moved to compel mediation. (Docket Entry No. 24). EasyKnock has responded, and the Reeds have replied. (Docket Entry Nos. 29, 32).

EasyKnock argues that lawsuits brought under the Texas Deceptive Trade Practices Act must follow the presuit notice requirement. The Act states:

> (a) . . . a consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic

> damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant. . . .
>
> (b) If the giving of 60 days' written notice is rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations or if the consumer's claim is asserted by way of counterclaim, the notice provided for in Subsection (a) of this section is not required . . . .

TEX. BUS. & COM. CODE ANN. § 17.505(a)–(b).  This presuit notice requirement is intertwined with the substantive policy of encouraging settlement, making the requirement one of substantive law that applies in federal court.  *See generally Baber v. Edman*, 719 F.2d 122 (5th Cir. 1983); *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992) ("The purpose of the [Deceptive Trade Practices Act] notice provision is the same as that of the Medical Liability and Insurance Improvement Act: 'to discourage litigation and encourage settlements of consumer complaints.'" (quoting *Jim Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)); *Bates v. Laminack*, 938 F. Supp. 2d 649, 669 (S.D. Tex. 2013) (applying the Deceptive Trade Practices Act presuit notice requirement).

The Reeds failed to give presuit notice that the Deceptive Trade Practices Act required. Their claim was not asserted by counterclaim. There is a remaining exception to presuit notice if it is "impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations."  TEX. BUS. & COM. CODE ANN. § 17.505(b).  Although the Reeds argue that this exception applies, (Docket Entry No. 1 at ¶ 58), they have not pointed to support.  *See Camp v. RCW & Co.*, No. H-05-3580, 2007 WL 1306841, at *11 (S.D. Tex. May 3, 2007) ( "[A] plaintiff must *plead* and prove that he qualifies for the limitations exception." (quoting *Winkle Chevy-Olds-Pontiac, Inc. v. Condon*, 830 S.W.2d 740, 745 (Tex. App.—Corpus Christi 1992, writ dism'd) (emphasis in original)).

The Texas Finance Code also requires presuit notice before filing a usury claim:

> No later than the 61st day before the date an obligor files a suit seeking penalties for a transaction in which a creditor has contracted for, charged, or received a usurious interest, the obligor shall give the creditor written notice stating in reasonable detail the nature and amount of the violation.

TEX. FIN. CODE ANN. § 305.006(b).  The Reeds argue that EasyKnock had notice of a Texas Finance Code violation because a different plaintiff asserted a usury claim in November 2020 based on a similar transaction.  *See Jackson v. EK Real Estate Services of NY, LLC, et al*, No. 4:20-cv-3867, Docket Entry No. 1 (S.D. Tex. Nov. 13, 2020).  As EasyKnock points out, the plaintiff in that case was Veronica Jackson, not the Reeds.  The fact that Veronica Jackson sued EasyKnock with a similar claim does not satisfy the Reeds' obligation to provide presuit notice of their own usury claim and amount.  The Reeds have not pointed to any basis to find an additional exception to the statutory presuit notice requirement.

When "a plaintiff files an action for damages . . . without first giving the required notice, and a defendant timely requests an abatement, the trial court *must* abate the proceeding for 60 days."  *Oppenheimer v. Prudential Secs., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (quoting *Hines*, 843 S.W.2d at 469) (emphasis in original).  The Reeds' counsel represents another plaintiff in a similar action in the Northern District of Texas, *Sitzman v. EK Real Estate Services of NY LLC*, et al., No. 3:21-CV-2666-E.  The district court there recently rejected all of the arguments made here to excuse the presuit notice requirement and abated the case for 60 days from the plaintiffs' notice. (*See* Docket Entry No. 37-1).  Here as well the proceedings are abated until 60 days after the Reeds serve written notices required by section 17.505 of the Business and Commerce Code and section 305.006 of the Finance Code.

EasyKnock's motion to abate, (Docket Entry No. 22), is granted. The Reeds served notice on February 17, 2022. Abatement will run through April 18, 2022. (*See* Docket Entry No. 33 at 1 n.2). The motion to compel mediation, (Docket Entry No. 24), is denied at this time.

SIGNED on March 23, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge